UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRUCE AUBREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:21 CV 102 |
| | ) |
| ISAAC MARTENS, | ) |
| | ) |
| Defendant. | ) |

**OPINION and ORDER**

**I.   BACKGROUND**

This case involves a car accident that occurred in 2018 at a busy intersection in Burns Harbor, Indiana. (DE # 3.) The details surrounding the accident are mostly undisputed, and also largely irrelevant for purposes of this opinion. It is critical to note, however, that both plaintiff Bruce Aubrey, who was proceeding westbound, and defendant Isaac Martens, who was proceeding southbound, claim that they had a green light, and therefore the right-of-way, as they proceeded along perpendicular paths towards the same intersection's center. Ultimately, defendant's vehicle and plaintiff's vehicle made contact, and plaintiff sustained injuries. (*See id.*)

Plaintiff sued in state court, alleging that defendant was negligent by failing to keep a proper lookout and maintain reasonable care and control in the operation of his vehicle, amongst other alleged shortcomings. (*Id.*) The case was removed to federal court based on diversity of citizenship and an amount in controversy in excess of

$75,000. (DE # 1.) A settlement conference before Magistrate Judge John E. Martin proved fruitless. (DE ## 30, 31.)

Defendant has moved for summary judgment, arguing that he is entitled to judgment as a matter of law on plaintiff's negligence claim. (DE # 32.) Plaintiff has responded (DE # 39), and defendant has replied (DE # 44). The motion is now ripe for ruling.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *Palmer v. Marion County,* 327 F.3d 588, 595

(7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson,* 477 U.S. at 248; *Donovan v. City of Milwaukee,* 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

### III.   DISCUSSION

This case involves a single claim of negligence, though plaintiff's complaint lists various actions and inactions that he believes constituted defendant's negligence. (DE # 3 at 1.) A negligence claim under Indiana law has three elements: (a) a duty of care, (b) a breach of that duty, and (c) causation. *Waldon v. Wal-Mart Stores, Inc., Store No. 1655,* 943 F.3d 818, 822 (7th Cir. 2019). As explained below, defendant is not entitled to summary

judgment because defendant misconstrues the law regarding duty, and genuine issues of material fact exist as to breach and causation.

### A. Duty

Whether a defendant owes a duty to a plaintiff is a question of law. *Stephenson v. Ledbetter,* 596 N.E.2d 1369, 1371 (Ind. 1992). Defendant's repeated insistence that he had a green light misses the mark because having the right-of-way does not relieve a driver of all other duties under Indiana negligence law. While it is true that defendant had no duty to proceed overly cautiously into an intersection on a green light, *Merida v. Cardinal,* 749 N.E. 605, 607 (Ind. Ct. App. 2001), a driver with the right-of-way "must still exercise due care at an intersection." *Id.* at 606. With this understanding of duty in mind, it is clear that there are genuine issues of fact regarding the elements of breach and causation, as explained below.

### B. Breach

When it is properly understood that a driver with the right-of-way "must still exercise due care at an intersection," *Merida,* 749 N.E. at 607, it is obvious that questions of fact exist as to whether defendant breached this duty. First, whether defendant actually had a green light is a disputed question of fact. At this stage, all questions of fact must be resolved in plaintiff's favor, *NLFC,* 45 F.3d at 234, and plaintiff, of course, contends that *he* had the green light.[1] (DE # 39 at 3.)

---

[1] Defendant argues that plaintiff should be estopped from claiming that plaintiff had the green light because plaintiff previously stated that he did not know what happened. (DE # 44 at 1-2.) This is a matter of credibility that a fact-finder should resolve. Whether the difference between plaintiff's earlier and later statements amount to a "change" in his story, and whether that change matters, is up to the fact-finder.

Defendant argues that his version of events is corroborated by a driver of a tractor-trailer who also saw that defendant had a green light. But the court cannot compare the weight of evidence on a motion for summary judgment. *Abdullahi v. City of Madison,* 423 F.3d 763, 769 (7th Cir. 2005) ("At summary judgment a court may not assess the credibility of witnesses, choose between competing inferences or balance the relative weight of conflicting evidence."). The court cannot determine, for example, that the harmonious stories of defendant and the truck driver[2] trump plaintiff's lone assertion to the contrary.

Even if the court could conclude, as a factual matter, that defendant had the green light, and therefore the right-of-way, such a fact does not definitively establish that defendant exercised due care at the intersection. A reasonable juror could decide that defendant's car hit plaintiff's car, not the other way around, because defendant failed to exercise due care and see a car that was obviously in front of him. A reasonable juror could also find plaintiff at fault instead. The fact that a reasonable fact-finder could come to two different conclusions on this issue means that the question of breach cannot be settled as a matter of law, whether or not defendant actually had the green light.

---

[2] There are admissibility issues related to the truck driver's statement which do not require consideration at this time. It is worth mentioning, however, that it *could* be inferred that the truck driver modified his story at the prompting of an interviewing police officer. (DE # 39 at 4.) It is also possible that this inference would not be drawn. It is up to a finder of fact to observe all of the testimony, decide who to believe, and determine what weight to give different pieces of evidence.

### C. Causation

Defendant's final road block is that the court cannot determine causation in this case as a matter of law. The Seventh Circuit has long held that a fact-finder should ultimately decide who caused a car accident. *See, e.g., Thedorf v. Lipsey,* 237 F.2d 190, 192 (7th Cir. 1956); *Knoblauch v. DEF Exp. Corp.,* 86 F.3d 684, 689 (7th Cir. 1996) ("the determination of proximate cause in the collision context is usually a factual question"). In this case, as with many car accident cases, the resolution of the matter comes down to whose version of the events is believed. This is an issue which cannot be resolved at this stage. *Russell v. Bd. of Trs. of the Univ. of Ill. at Chi.,* 243 F.3d 336, 340 (7th Cir. 2001) (summary judgment "is a singularly inappropriate time to resolve" a "he said, she said" dispute).

### IV. CONCLUSION

Because the facts, taken in a light most favorable to plaintiff, do not demonstrate that defendant is entitled to judgment as a matter of law on plaintiff's negligence claim, the court must **DENY** defendant's motion for summary judgment. (DE # 32.) The court **ORDERS** the parties to file a joint status report regarding their willingness to engage in another settlement conference before Magistrate Judge John E. Martin by **October 13, 2023**. A trial date will be set under a separate order.

**SO ORDERED.**

Date: September 29, 2023

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT